MICHAEL J. TOTTEN, Respondent, *v.* JOHN C. COLE, Appellant.

*Trespass—Strays.*—The owner of land, in driving out an animal that has strayed into his field, must do it with such reasonable care as to avoid doing unnecessary injury, or he will be liable to the owner of the stray for the damages sustained.

Totten v. Cole.

*Appeal from Jefferson Circuit Court.*

**J. A. Beal,** for respondent.

**A. Green,** for appellant.

I. The verdict of the jury is wrong, and is the result of misdirection by the judge. The instructions given are inconsistent and ambiguous, and well calculated to mislead the jury. (27 Mo. 142.) They make the defendant liable, whether he *committed* or *directed* the trespass. This is not the law of the case. (2 Kent, s. p. 260; 2 Black. Com. s. p. 153; 1 Ch. Pl. 68; Sartin v. Saling, 21 Mo. 387.)

II. The court erred in refusing the instructions asked by defendant. Such refusal virtually excluded defendant's testimony from the jury. As this testimony showed defendant neither committed nor directed the alleged trespass, hence the fifth instruction of defendant should have been given. (See authorities above cited.)

III. The testimony of George Breckenridge shows that if he committed a trespass in driving the mare out of the field, it was in disregard of his employer's instructions and wilful, hence he was liable, and not the defendant; therefore, the third instruction of defendant should have been given. (2 Kent, 260.)

The following instructions asked by the defendant were refused:

1. Unless the jury believe from the evidence that the mare in question was killed by the gross carelessness or wilful misconduct of Breckenridge, while attending the business of his employer, they will find for the defendant.

2. It is immaterial whether defendant's fence was lawful or not. Unless the death of the mare was occasioned by some improper conduct of defendant's hired hand in turning her out of the field, the jury will find for defendant.

3. If the jury believe that Breckenridge, while performing the business of defendant, disregarded his instructions,

and wilfully and improperly conducted himself in turning the mare out of the field, defendant is not responsible.

4. The defendant is not responsible for the remote consequences of the acts of his employee Breckenridge in turning the mare out of his field ; therefore, unless the jury believe from the evidence that the death of the mare was occasioned by the improper means used in driving her out of the field, and that such means were the direct cause of the mare taking such fright as caused her to get killed in running up the lane, they should find for the defendant.

5. If the jury believe that George Breckenridge acted without any direction of the defendant in driving the mare out of the field, although in his employ at the time, and that he did not use any improper means in turning her out, the defendant is not responsible.

6. If the jury believe that the proof does not show the plaintiff to be the owner of the mare, they will find for the defendant.

BATES, Judge, delivered the opinion of the court.

The petition in this case is as follows :

" The plaintiff states that on or about the 30th day of June, 1857, defendant failed to keep his fences and enclosure around his oats of sufficient height, as required by law, in consequence of which a mare of plaintiff, and of the value of one hundred and twenty-five dollars, went into the said enclosures of defendant, the defendant then and there killed said mare wrongfully and without any excuse. Plaintiff charges that the enclosures of the defendant were not constructed and built sufficient and according to law, and that in consequence of the insufficiency of the fences around his enclosures, about the thirtieth day of June, 1857, at Jefferson county, Missouri, the property of plaintiff, to-wit, a certain gray mare, of the value of one hundred and twenty-five dollars, was killed and rendered of no value to plaintiff, by means and in consequence of which the plaintiff is damaged one hundred and twenty-five dollars, for which he asks judgment."

The defendant's answer denies all the material allegations of the petition. The evidence tended to show that the defendant's fence was not such as the statute regulating enclosures requires; that a mare of the plaintiff was found in the defendant's field, and was chased out by a servant of defendant, and was killed by running against a snag or stump after she had passed out of the field.

The court instructed the jury as follows:

1. If the jury find that the field of the defendant was not in all places of the height of five feet, staked, and ridered or locked at the corners, and that the plaintiff's mare having jumped over it, the defendant's servants or employees, whilst engaged in turning the mare out, they set dogs on the mare, and that in consequence of any incautious chasing the mare was killed, they will find for the plaintiff the value of the mare, and any further damages he may have sustained thereby.

2. But if the jury find that the mare was killed by an accident in no way caused by the dogging of her by the defendant's dogs, they will find for the defendant.

3. It makes no difference in the question submitted to the jury whether the mare was killed in the field or in the lane, if the accident was caused by the chasing by dogs.

4. That although they may find that the fence around the defendant's field was not of the height required by law, yet if the horse of the plaintiff strayed into it, the defendant had a right to turn it out, using the usual and ordinary caution to avoid doing any injury to the animal; and the amount of caution required by the law in such cases is always proportioned to the danger resulting from the use of the means employed.

5. That the setting of dogs on horses, to run them out of the field of another, is not necessarily a wrongful act, if done under circumstances indicating the observance of the care and caution to prevent injury to such animal proportioned to the danger resulting from the use of the means employed.

6. To entitle the plaintiff to their verdict, the jury must

10—VOL. XXXIII.

find — 1st, that the killing of his horse was the result of the chasing by dogs; and, 2d, that the chasing with the dogs was attended with circumstances indicating the want of the care and caution necessary to avoid doing injury to the animal proportioned to the danger resulting from the acts done.

Although these instructions are somewhat vague in describing the amount of care to be used by the defendant, yet, upon the whole, they make a fair statement of the law applicable to the case. The defendant asked six instructions, which were refused, but the substance of them is included in the instructions given. Verdict for forty dollars having been given for the plaintiff, and judgment entered upon it, we will not interfere with it.

Judgment affirmed. Judges Bay and Dryden concur.